Good morning, Judge O'Scanlan, Judge Porter, Judge Cowan, Judge Beah. My name is David Porter, and I represent the appellant, Glenn Mark Thomas. Since briefing has been completed in this case, there have been two opinions issued by the Ninth Circuit which control the outcome in this case, both of which I have cited in 20HA letters to the Court. The first is Chavez v. Lamarck. In that case, the Court held that a habeas petition in the state court, both filed and denied before the enactment of the AEDPA, was sufficient to begin tolling of the federal statute of limitations. We have an identical situation in this case where Mr. Thomas filed his first petition in the state superior court. It was denied, both filed and denied, before the enactment of the AEDPA in 1994. Subsequent state petitions were filed, but the statute of limitations of the AEDPA enacted on April 24, 1996, did not begin to run because there was a properly filed petition in the state court that was pending. Now, the other case that we cited was Gaston v. Palmer, a fairly recent decision written by Judge Fletcher, which explained that petitions filed at various levels, I believe that Judge Kleinfeld, in dissent, called it upwards, backwards, and sideways. That mattered not. The order mattered not. The important point is that there was one full round of state petitions. Now, sideways are in a separate category. In terms of Ninth Circuit law at the moment, going up and going down tolls, but not sideways. Is that right? Do I understand that correctly? No, I think under Gaston, Gaston makes clear that sideways is also that there is tolling during that period and also in the gap periods between filings in the same court. That's why I win. Are there any cases for Gaston that at least infer that sideways or going downwards is not tolling? That was the position of the dissent. Yes, and the dissent lost. And so I understand there is a petition for rehearing pending in that case, but until such time as the petition for rehearing is granted, I believe that this panelist is required to follow Gaston. Well, are we required to follow Gaston if Gaston itself did not follow prior law? That was the position of the dissent. Yes. Actually, Gaston does follow prior law. It follows Dell-Ohm, which explains that the petitioner is entitled to tolling for the one full round. Now, if you're going in the same court as Mr. Thomas did, he filed in the Superior Court, his first petition was denied without prejudice. And the second petition that he filed in the Superior Court was after he had received information and it realleged the same claims but added additional facts. He's doing what he's specifically permitted to do under California law and what the Superior Court judge suggested he do implicitly by denying the writ without prejudice. Do you think there's any tension between Gaston and King, King v. Roe? King v. Roe. No, Your Honor, I don't, because that – I believe that and the Biggs case were the ones that explained if you're at the same level and you're merely expanding on the claims that were initially denied, you're still within the statutory language about statutory tolling. Okay. If there are no further questions, I'll – you can reserve the rest of the time. Reserve time for rebuttal, certainly, Mr. Porter. Thank you. We'll hear from the State. Good morning. My name is Jamie Scheidegger, Deputy Attorney General for the Ward and Respondent. First, to distinguish Chavez and Gaston, in Chavez, the reason that the filing before the AADPA deadline was held – had any value was because in Chavez, he was properly proceeding up the chain. He filed in the Superior Court, then the Appellate Court. So that would be a proper filing in an ascending court. In this case, Mr. Thomas filed first in the Superior Court and then again in the Superior Court. So it's distinguishable from Chavez. Well, now, you just heard Mr. Porter say that sideways now under Gaston tolls, statutory tolls. What's your view? Obviously, I believe Gaston was decided incorrectly. And I would argue that – Are we, as a sitting panel, free to ignore it? I don't think that you are bound by that decision for two reasons. First, that decision is in direct contradiction to existing Ninth Circuit precedent. In Nino v. Scalaza – I'm sorry? You said the case was – Gaston is in direct contradiction to existing Ninth Circuit precedent. In Nino v. Scalaza, this Court made clear that petitions that are filed in ascending courts are entitled to tolling. It didn't discuss sideways. And second, in the United States Supreme Court decision of Kerry v. Saffold, the United States Supreme Court made clear that gap tolling is allowed for ascending petitions. Nothing is said about sideways. So Gaston's notion that sideways petitions would be entitled to tolling is completely – I would – Yeah, but Saffold didn't say anything one way or the other about sideways. Isn't that the problem? Saffold said in its holding that you must be filing in the next ascending court. Though it didn't discuss sideways petitions directly, it does say – the language in it looks as though that is a requirement that you be filing in ascending courts. And the fact that in cases like Kerry v. Saffold and Nino v. Scalaza and Biggs v. Duncan, they all say in ascending courts, that can't be a coincidence. There has to be a reason that the courts keep saying ascending courts, not sideways courts. Well, are we bound by that? Is Saffold a precedent in this case since what they said there they did not have to say because it was in ascending order in those cases. So they didn't have before them a collateral filing as we have here. So that anything they said concerning collateral filing was really dicta because it wasn't necessary to the holding. In the case of Gamey v. Miller, this court held specifically that – and I want to find it – where a panel confronts an issue germane to the eventual resolution of the case and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit regardless of whether or not it was required. So the fact that the decisions kept saying because it was in ascending courts, that may have been dicta but it was binding and it was necessary and the court confronted it in reaching its decision. But they didn't have collateral filing in that case. That's correct. I have a much more fundamental question for you. In a federal court administering ADPA, aren't we in a position where whatever a state accepts for filing without discharging, dismissing it for whatever legal reason saying it was improperly filed, but if they accept it for filing and adjudicate it on the merits, aren't we bound to hold that the clock does not tick? I think this court can look at the delay in filing and determine that something is unreasonably filed. In this case, the petition… But can we do that if the state accepts it and adjudicates it on the merits? In other words, I'm speaking of a case where the state court does not say we're going to dismiss this petition because it's improperly before us. They accept the petition and they adjudicate it on whatever the merits of the claim are. Are we at liberty under ADPA to say, well, we're going to make the clock tick because it was collateral or it was downward filed or something like that? ADPA is a federal statute of limitations guideline, so I think federal courts are in a better place to determine. Those state courts may not have determined timeliness and I understand that California has a unique system because ADPA follows a federal guideline. I think federal courts are just as able and capable of determining undue delay. And in this case, over two years passed between the filing of its first petition and its denial and the filing of its second petition. That has to be undue delay. That's not what the state court said, though, was it? The state court didn't hold that it was untimely, but I think this court could find that a two-year delay is untimely. So we have to second-guess what state law is? I think it could be based on a federal law interpretation. Ms. Shidegar, let me understand clearly. You don't have any case at the Ninth Circuit which says that there's gap tolling between successive filings of petitions for writ of habeas corpus in the state system at the same level, correct? Gap tolling is not allowed. I don't have a case. No case has found gap tolling. Gaston did indirectly, I would say. But no case ---- Did Gaston involve gap tolling? I'm sorry? Did Gaston involve gap tolling at the same level? Yes, it did. And what was the holding in that case? That because there were overlapping claims in the petitions, they were entitled to gap tolling. Doesn't that bind us? Well, the other thing I would say is I think Gaston misapplied the term overlapping. If you look at the holding of DeLombe in that case, the overlapping petitions were in time. They weren't overlapping in claim. And it doesn't make sense to say you can overlap claims and get tolling because that would thwart the spirit of the AEDPA. You could raise a claim, you know, in 1994, 1996, and then five years later raise the same claim and say that they're overlapping, that certainly thwarts the spirit of the AEDPA of timely raising issues. So overlapping has to do with the time of filing or the issues which the petitions present? Correct. In DeLombe, it's very clear that ---- I'm sorry, overlapping has to do with the time the petitions are filed. In DeLombe, it was very clear that there were two rounds of filing going on, and they said that second round of filing doesn't affect the first, the tolling, but the overlapping they discussed was in petitions in time, not claims. What is the state's view on the term round, round of challenges? That you're entitled to one full round. One full round. What's the state's view of that? Well, the traditional way would be to go in ascending court starting at the superior court through the appellate court to the California Supreme Court when it would become final. In other words, you have three shots, you go superior, court of appeal, Supreme Court, and that's it? At the most. And what's your source for that? Well, I think in Carey v. Saffold, it was clear that that was how they saw the California system because that's what the factual situation presented. In Nino v. Galazzo, they also talked about ascending petitions and the proper filing system. I think in this case, the fact that Mr. Thomas was filing additional claims in different courts, in the same court, really showed that this wasn't part of one round of review. It was different rounds of review that he was, I guess I would say, overlapping timelines that the first statute of limitations would have run because the subsequent filings would not have told the statute of limitations. California did not dismiss it for successive filings. Most states would say you can't file successive post-conviction relief petitions. California did not do that in this case. That's true. Although in the second petition, the court did say that issues one and two were denied because the issues had previously been raised and then addressed the other three claims that were raised on the merits, which I think shows that in this case, the petitioner was not just remediating claims as the petitioner in King was doing. He was adding claims. He had waited two years. It was not just an adding facts. But they let him do it. They let him do it. That's the ones which were not adjudicated in the first petition. That's true. They did let him do it. I think it's a little different, though, because what the state court had asked for in the first petition in its denial was we need additional facts. I think it's a hard argument to say you need two years to allege additional facts when the facts would have been present. What is the timeline? What do you think is an unreasonable time under AEDPA for two years is too much, a year and a half is not so much? Where do you cut it off? Well, I would say I guess the most common sense would be AEDPA says a one-year statute of limitations, and they talk about in Gaston, at least the dissent does, about some flex time being built in, but that's like in a seven to ten to 20-day range. Certainly two years is beyond the one year anticipated by AEDPA and even accounting for a flex time allowance. But AEDPA has nothing to do with state law. I'm just saying as this court reviews it, you've asked what would be a reasonable interpretation. I'm postulating one year would be. I think two years is unreasonable. I can't tell you specifically what the right time would be. So your time has expired in this case? Thank you. Thank you. Mr. Porter, you have some reserve time. Thank you. The statutory tolling provision of the AEDPA is meant to accommodate exhaustion, and therefore overlapping claims does not refer to overlapping in time. It refers to overlapping in claims. You are entitled, in fact, the petitioner is required to present all of his or her claims to the state's highest court under the exhaustion doctrine, and therefore it's overlapping claims that we're supposed to be looking at and not overlapping in time. And that might make sense if you were focusing on the Supreme Court, but California's arrangement is so unusual you could go to the Supreme Court first and then come back down to the superior court. Haven't you exhausted in your first filing in that situation? In that situation. But here Mr. Thomas only went to the United States or the California Supreme Court once, and he did it after presenting the issues in the lower courts. So, you know, we have the en banc decision of this court in Welsh. Judge O'Scanlan was on that en banc panel. And if you'll recall, there was a superior court petition that was denied. Four and a half years later, there was another petition in the California Supreme Court with new and different claims. And in that case, this court held, well, we're not going to say that there is statutory tolling. There was nothing pending during that four and a half year period because he presented different claims to the California Supreme Court. In this case, to the contrary, it was the same claims that he was presenting. Now, he added additional claims, as counsel noted, but that is his prerogative under California law. Well, if we take your position, can't a petitioner put off almost indefinitely the one year at the statute of limitations by going up the line and then starting immediately after the Supreme Court dismisses it, the next day filing in the lower court again, and then going up with the first ascendancy was the Fifth Amendment, the Sixth Amendment, the next the Fourteenth. You can do that almost indefinitely, and the clock would never tick if we accept your argument. I disagree. You're entitled to one, the petitioner is entitled only to one full round. And you're entitled to, the petitioner is entitled to tolling during the round, a second round if he brings it, but not entitled to tolling during the gap. So there is no incentive here for petitioners to unreasonably delay. The California courts might say, well, you've unreasonably delayed. And in that case, then this court will not toll during the gap. But as long as he stays on one level, say the Superior Court level, he can try, as Judge Cowen says, one amendment of the United States Constitution, the Sixth Amendment, get turned down and try another one with some other facts that he has come up on and keep going and going on that level indefinitely, right? On that level, but then he has to go at some point to the State Supreme Court to exhaust. Well, if he comes into federal court after doing that, and not without presenting it to the state's highest court, he's failed to exhaust and it will get bumped on exhaustion. There are numerous procedural hurdles for petitioners in federal court. Don't begin to think that the time limitation is the only thing that they have to face. There's procedural bar. There's second or successive petitions. So any concern that petitioners are going to be willy-nilly filing things in state court for the purpose of delay is just not a rational concern, I think. Let me see if I understand your definition of one full round. This is reminiscent of the question I asked your opposing counsel. What do you mean by one full round? For example, if you start at the court of appeal and then go down to the superior court and then up to the Supreme Court, is that one full round? If there's at least one overlapping claim in those petitions. All right. So no tolling during that time, but you get to know. Yes, there is tolling during that time. Excuse me, tolling. Sorry. No time being consumed. Right. So tolling during that time. Then the clock starts to tick when the Supreme Court or the last court to render a decision does so, but then one could start another round, could one not? Well, it actually begins running 30 days after the California Supreme Court has denied it. Right. Whatever that time is. But then filing new claims would start a second round. The gap between the end of the first round and the beginning of the second round is not tolled. True. True. But the point I'm trying to understand here is that one could get the denial from the Supreme Court in the mail and the very next day start a second round, and you've only consumed one day of the statute. That's correct. And one could continue to do that indefinitely. As long as you're careful not to let too much time expire between the end of the round and the beginning of a second. That's correct. Thank you very much, counsel. The case just argued will be submitted for decision, and we will hear argument in Walker v. Roe. We have same counsel, slightly different factual situation. I think it would be very useful to have you highlight the differences.
judges: O'scannlain, Cowen, Bea